Barbara HODGES, Appellant,

v.

SAGER CORPORATION; Hon. Richard Joiner, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2005–SC–0066–WC.

Supreme Court of Kentucky.

Oct. 20, 2005.

As Modified on Denial of Rehearing Feb. 23, 2006.

Jeffery Roberts, Murray, Counsel for Appellant.

Carl Martin Brashear, Hoskins Law Offices, PLLC, Lexington, Counsel for Appellee.

## OPINION OF THE COURT

This workers' compensation appeal concerns the type of *prima facie* showing that KRS 342.125(1)(d) requires in order to grant a motion to reopen and order further proof to be taken. The Court of Appeals determined that the claimant failed to make an adequate *prima facie* showing; that it was erroneous to grant her motion and subsequently increase her award; and that the error was unfairly prejudicial to the employer because KRS 342.125(8) barred a subsequent motion to reopen. On that basis, the court reversed a two-to-one decision of the Workers' Compensation Board (Board), which held that the Administrative Law Judge (ALJ) erred by granting the motion but that the error was harmless. We affirm.

The claimant injured her back while working for the defendant-employer on December 31, 1984. The parties later agreed to settle the claim for a lump sum that represented a 35% permanent partial disability, apportioned 2/3 to the employer and 1/3 to the Special Fund. On June 30, 1987, an ALJ approved the agreement, which described the nature of the claimant's injury as being a herniated disc at L4 on the left.

On December 12, 2000, the claimant filed a *pro-se* motion to reopen in which she alleged a "change of disability shown by objective medical evidence." Accompanying the motion were various documents, including the claimant's affidavit and a copy of the settlement agreement. She averred that her condition had worsened, that she now experienced numbness in her left leg and foot, that her ankle and knee hurt more than previously and would "give way," and that she anticipated "the Doctor will increase my disability rating when he examines me on my next appointment." Appended to the motion to reopen was a motion to hold the case in abeyance. As grounds for this second motion, the claimant stated that her condition had worsened, that she continued to require medical attention and that she anticipated that her doctor would increase her disability rating based on her worsening condition.

A May 24, 1999, report from Dr. Davies indicated that a recent MRI revealed what appeared to be a small fragment of recurrent disc at L4–5 on the left as well as scarring that indented the cal sac at that level.[1] Although there was less pain than on a previous visit, there was still some numbness and bilateral weakness of dorsiflexion; positive straight leg raising on the left (about 30 degrees); unrestricted straight leg raising on the right; forward flexion of 20–30 degrees. Dr. Davies pre-

---

1. It was later shown that Dr. Davies began treating the claimant in May, 1999.

scribed a dose pack and physical therapy, "to try to avoid repeat surgery if possible."

Also submitted with the motion was a radiologist's report, which indicated that a May 17, 1999, MRI revealed a disc fragment at L4–5. Another radiology report indicated that a lumbar spine x-ray revealed degenerative disc disease at L4–5. Finally, an emergency room admission report from April 17, 1999, indicated that the claimant complained of low back pain and had a history of such pain since 1985.

On January 19, 2001, the employer filed an objection to the motion to reopen on the ground that it failed to make the *prima facie* showing required by KRS 342.125(1)(d). *Stambaugh v. Cedar Creek Mining Co.,* 488 S.W.2d 681 (Ky.1972). The employer asserted that there was no objective medical evidence the claimant's condition had worsened since her award or that it resulted in a greater impairment or restrictions. On January 26, 2001, an ALJ amended a previous order abating the claim, granted the motion to reopen, and ordered the claim to be held in abeyance "until such time as the plaintiff attains maximum medical improvement and/or until one of the parties requests that it be removed."

On March 25, 2002, the employer renewed its motion to dismiss, stating that the claimant had failed to submit any evidence although more than a year had passed since the claim was placed in abeyance. In the alternative, the employer requested an order requiring the claimant to show cause why her motion to reopen should not be dismissed for failure to submit objective medical evidence to support it. On April 15, 2002, the Chief ALJ gave the claimant 30 days to show cause why the motion should not be dismissed for failure to submit any objective evidence in support of her position. Again acting *pro se,* the claimant filed numerous bills pertaining to medical treatment she received between 1999 and 2001 and also some medical records pertaining to the treatment. The Chief ALJ noted the filing, removed the claim from abeyance on May 24, 2002, and overruled the motion to dismiss. A subsequent order scheduled the taking of further proof. Sometime thereafter, the claimant obtained counsel.

In resisting the claim for additional benefits, the employer asserted among other things that the motion to reopen failed to show the requisite change of condition and that reopening was barred by limitations. An ALJ determined, however, that the claimant experienced a post-settlement change of condition and an increased impairment due to her injury. Furthermore, the changes resulted in total disability and occurred before the period of limitations expired. *See* KRS 342.125(8).

■ Workers' compensation is statutory. Although the principles of the finality of judgments apply to final workers' compensation awards, KRS 342.125 permits an award to be amended prospectively due to certain post-award changes. *Beale v. Faultless Hardware,* 837 S.W.2d 893 (Ky. 1992). A motion to reopen is the procedural device for doing so. As enacted effective December 12, 1996, KRS 342.125(1) permits an ALJ to reopen and review a final award upon specified grounds, among which is:

> (d) Change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.

KRS 342.125(8) limits the period for reopening a claim that was decided before December 12, 1996, to within four years after December 12, 1996.

In *Dingo Coal Co. v. Tolliver,* 129 S.W.3d 367, 370 (Ky.2004), the court noted

that changes in the law between the date of injury and the date of a motion to reopen sometimes create inconsistencies between the grounds for granting the motion and the standards for awarding increased benefits when the merits of the claim for increased benefits are considered. *See also, Peabody Coal Co. v. Gossett*, 819 S.W.2d 33 (Ky.1991). Relying on KRS 342.125(6) and on *Garrett Mining Co. v. Nye*, 122 S.W.3d 513 (Ky.2003), the court explained that although the version of KRS 342.730 that was effective on the date of the injury governs the worker's entitlement to additional benefits in a reopened claim, the amended version of KRS 342.125(1)(d) sets forth the grounds for reopening to which *Stambaugh v. Cedar Creek Mining Co., supra*, refers.

■ The *Stambaugh* court described what it envisioned as being "a reasonable prima facie preliminary showing of the existence of *a substantial possibility of the presence of one or more of the prescribed conditions*" from KRS 342.125 before an adversary would be put to the expense of re-litigation.[2] *Id.*, 488 S.W.2d at 682 (emphasis added). It directed the fact-finder to "formulate reasonable standards for the form and content of such a preliminary showing." *Id.* Moreover, it left to the fact-finder's "reasonable discretion" to determine whether the showing in a particular case was sufficient to warrant the taking of evidence. *Id.* Nothing in the decision expressed the intent to require that the *prima facie* showing be sufficient to support a finding for the movant on the merits of the

claim for additional benefits in the event that the employer failed to go forward with evidence to the contrary. Nor does any subsequent amendment to KRS 342.125; therefore, the applicable standard for review is whether a decision to grant or deny a motion to reopen was an abuse of the ALJ's discretion.

■ A worker's right to increased benefits at reopening vests on the date that a motion to reopen is filed. *Johnson v. Gans Furniture Industries, Inc.*, 114 S.W.3d 850, 855 (Ky.2003); *Rex Coal Co. v. Campbell*, 213 Ky. 636, 281 S.W. 1039 (1926). Therefore, when the premise for a motion to reopen is a post-award change of disability, the change must exist when the motion is filed and the motion must be supported by the *prima facie* showing that KRS 342.125(1)(d) specifies. The claimant filed her motion on December 12, 2000, the day on which the period of limitations expired. Under the circumstances, an abuse of discretion in granting the motion would have been prejudicial to the employer.[3]

■ The claimant filed her motion to reopen on December 12, 2000. On January 18, 2001, the ALJ placed the matter in abeyance. On January 19, 2001, the employer filed its response to the motion, without objection. On January 26, 2001, the ALJ amended the previous order, granted the motion to reopen, and placed the reopened claim in abeyance. In the subsequent proceeding on the merits, the employer continued to assert that the claimant's motion failed to make the neces-

---

**2.** The applicable version of KRS 342.125 listed change of conditions, mistake, and fraud as being the grounds for reopening.

**3.** In deciding that the ALJ erred in granting *the motion to reopen but that the error was* harmless, the Board relied upon an unpublished Supreme Court decision. The Court of Appeals later distinguished the decision, pointing out that the employer failed to raise

a limitations argument. CR 76.28(4)(c) prohibits unpublished decisions from being "cited or used as authority in any other case in any court of this state." For that reason, we have disregarded those portions of the parties' briefs and the Court of Appeals' opinion that cite an unpublished decision or use it as authority.

sary *prima facie* showing. Although she asserted, among other things, that the employer's January 19, 2001, response to her motion was untimely, she failed to raise the argument subsequently when defending the award before the Board. Under the circumstance, it is not preserved for our review. *Smith v. Dixie Fuel Co.*, 900 S.W.2d 609, 612–13 (Ky.1995) (error in workers' compensation decision which has not been preserved before the Board may not be the subject of judicial review).

■ The claimant's motion was premised on an allegation that she experienced a post-award change of disability as shown by objective medical evidence of a worsening of impairment. KRS 342.125(1)(d). Evidence of a worsening of impairment requires that there be a comparison of impairment at two points in time. The record before the ALJ on January 26, 2001, included medical evidence that addressed the claimant's condition in May, 1999, when Dr. Davies began treating her. That evidence did not permit her impairment in 1987 to be compared with her impairment in December, 2000, when she filed her motion to reopen. Under the circumstances, it was an abuse of discretion to grant the motion. Furthermore, the decision was prejudicial to the employer because KRS 342.125(8) would have barred a subsequent motion to reopen.

The decision of the Court of Appeals is affirmed.

All concur.