Toni Lynn **FARRIS**, Appellant,

v.

**CITY OF LOUISVILLE; Hon. R. Scott Borders; Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2006–CA–000140–WC.

Court of Appeals of Kentucky.

Nov. 17, 2006.

Ben T. Haydon, Jr., Bardstown, KY, for appellant.

Peter J. Glauber, Louisville, KY, for appellee, City of Louisville.

Before TAYLOR and WINE, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

BUCKINGHAM, Senior Judge.

Toni Lynn Farris petitions for our review of an opinion of the Workers' Compensation Board (Board) affirming an order of an administrative law judge (ALJ) denying Farris's motion to reopen her claim for benefits. We vacate and remand.

Farris was employed by the City of Louisville as a "tipper" on a garbage truck. On April 11, 2000, during the course of her employment, she injured her back while lifting a heavy garbage can. Her injury was a disk herniation at L4–5. Her claim for workers' compensation benefits was held in abeyance until after she had surgery.

On August 30, 2002, an ALJ approved a settlement of Farris's claim with the City. The settlement agreement indicated the assessment of a 13% impairment rating by Dr. Ricky Collis and a 10–13% impairment rating by Dr. Gregory Gleis. The settlement was for temporary total disability (TTD) benefits already paid and a lump sum payment of $60,000 based on the 13% impairment rating.

The settlement agreement provided that it was a compromised settlement and that the parties recognized Farris was being paid significantly more than the 13% impairment rating called for. Farris, who had claimed permanent, total disability, was not working at the time of the settlement and has not returned to work since.

Farris filed a motion to reopen her claim on March 28, 2005. She stated in her motion that since the time of her low back injury, she has been diagnosed with "chronic pain syndrome", secondary to her original low back injury. She attached her affidavit to the motion, stating that she was no longer able to engage in any type of work activity and was now totally disabled.

She also attached a medical report from Dr. Robert Keisler, an orthopedic surgeon, indicating Farris suffered from chronic pain syndrome and that it was "quite disabling." Additionally, Farris attached a favorable decision from the Social Security Administration awarding her disability benefits.

The City filed a response to Farris's motion, arguing that there was no evidence attached to the motion that indicated Farris had a different impairment rating than that assessed at the time of the settlement. The City also noted that Farris had claimed total occupational disability at the time the claim was settled and that she never returned to work after her initial injury.

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

In a one-page order, the ALJ denied Farris's motion to reopen. The ALJ stated that the motion "failed to establish a prima facie [case] for worsening of condition/increase in occupational disability." After Farris unsuccessfully petitioned the ALJ to reconsider his ruling, she appealed to the Board.

The Board phrased the central issue as "whether she is required to support her motion to reopen with an increase in impairment rating to be able to succeed in showing a change of disability." Concluding that the terms "impairment" and "impairment rating" are synonymous as used in the applicable statute, the Board held that "in order to successfully reopen a workers' compensation claim under KRS 342.125(d), the claimant must first establish a worsening of the functional impairment rating subsequent to the original award before an employer can be put to the expense of marshalling a defense." After the Board affirmed the ALJ's denial of Farris's motion to reopen, this petition for review by Farris followed.

Under Kentucky's Workers' Compensation Act, permanent disability exists within one of two classifications. First, an injured worker may be classified as having permanent total disability if the evidence shows a permanent impairment rating applies and the worker has a complete and permanent inability to work. *See* KRS 342.0011(11)(c). Second, an injured worker may be classified as having a permanent partial disability if the evidence shows a permanent impairment rating yet the worker retains the ability to work. *See* KRS 342.0011(11)(b). Further, the Act provides in relevant part that an ALJ may reopen and review any award or order on any one of several grounds, including a "(c)hange of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condi-

tion caused by the injury since the date of the award or order." KRS 342.125(1)(d).

In *Hodges v. Sager Corp.*, 182 S.W.3d 497, 501 (Ky.2005), the Kentucky Supreme Court, in discussing a "worsening of impairment" under KRS 342.125(1)(d), held that "(e)vidence of a worsening of impairment requires that there be a comparison of impairment at two points in time." Farris argues that the statute does not require a worsening of "impairment rating" but only a worsening of "impairment". She also notes that the court in *Hodges* did not mention "impairment rating" but only mentioned "impairment". Thus, Farris maintains that the Board erred in concluding that the two terms are synonymous for purposes of interpreting KRS 342.125(1)(d).

██ Although an award of workers' compensation benefits has the same finality as a court judgment, KRS 342.125 permits an award to be reopened due to post-award changes. *Beale v. Faultless Hardware*, 837 S.W.2d 893, 896 (Ky.1992). A party seeking to reopen a claim or award "should be required to make a reasonable prima facie preliminary showing of the existence of a substantial possibility of the presence of one or more of the prescribed conditions that warrant a change in the Board's decision before his adversary is put to the additional expense of relitigation." *Stambaugh v. Cedar Creek Mining Co.*, 488 S.W.2d 681, 682 (Ky.1972). Further, it is within "the fact-finder's 'reasonable discretion' to determine whether the showing in a particular case [is] sufficient to warrant the taking of evidence." *Hodges*, 182 S.W.3d at 498.

██ KRS 342.125 is procedural and addresses the necessary prima facie showing required in order to prevail on a motion to reopen. *Dingo Coal Co., Inc. v. Tolliver*, 129 S.W.3d 367, 370 (Ky.2004). It does not govern the substantive requirements for

proving a worker's rights for additional benefits under KRS 342.730 in a claim that has been reopened. *Id.* In fact, the requirements under the respective statutes are not necessarily consistent. *Id.* In short, the prima facie showing required to reopen under KRS 342.125 does not have to be sufficient to support a finding for the movant on the merits of the claim for additional benefits. *See Hodges,* 182 S.W.3d at 500.

In order to demonstrate a worsening of permanent partial disability, the claimant necessarily must show an increase in permanent impairment rating. However, for a claimant to show a worsening in disability from permanent partial disability to permanent total disability, the claimant need only show that at the time of the prior award the claimant retained the ability to work whereas now the claimant has a complete and permanent inability to work. To summarize, in order for a claimant to succeed in a motion to reopen under KRS 342.125(1)(d), the claimant must show a change in disability (either increased partial disability or from partial disability to total disability) shown by objective medical evidence of a worsening of an impairment since the date of the award due to a condition caused by the injury by comparing the condition at the time of the initial award to the condition at the date of the motion to reopen. *See* KRS 342.125(1)(d); *Hodges,* 182 S.W.3d at 501.

The Board here erred as a matter of law when it concluded that Farris was required to support her motion to reopen with evidence of an increased impairment rating. The Board erroneously found that "impairment" as used in KRS 342.125(1)(d) is synonymous with "permanent impairment rating" as defined in KRS 342.0011(35). An increase in disability, such as an increase from permanent partial disability to permanent total disability, is sufficient for additional benefits even though the claimant's impairment rating did not change from the original award.

As the ALJ made no findings other than his finding that Farris failed to make a prima facie case, it is impossible to determine if the ALJ held that Farris failed to compare her condition between the time of the award and the date of the motion or erroneously held that Farris failed to show an increased impairment rating when, in fact, she was claiming she is now permanently and totally disabled.

We vacate and remand to the ALJ for further proceedings consistent with this opinion.

ALL CONCUR.