RENDERED: JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0564-WC

MUHLENBURG COUNTY COAL
CO., LLC                     APPELLANT


                PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
                 ACTION NO. WC-18-70086


GREGORY RODGERS; HONORABLE
KENNETH C. SMITH, III,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD OF KENTUCKY                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

COMBS, JUDGE: Appellant, Muhlenburg[1] County Coal Co., LLC, appeals from

an Opinion of the Workers' Compensation Board affirming the Administrative

---

[1] Appellant's name appears in some places in the record as "Muhlenburg." The correct spelling is Muhlenberg, as reflected above.

Law Judge's award of permanent total disability benefits upon reopening. After our review, we affirm.

Appellee, Gregory Rodgers (Rodgers), was employed by the Appellant, Muhlenburg County Coal Co., LLC (Muhlenburg), as an equipment operator. The original claim was assigned to Administrative Law Judge (ALJ) Kinney and was litigated. The medical evidence was in conflict. By Opinion, Award, & Order entered on January 8, 2021,[2] ALJ Kinney found that Rodgers "sustained a low back cumulative trauma injury, and an acute left hip injury on July 14, 2018." Relying upon Dr. Gilbert's opinions regarding impairment, ALJ Kinney determined that Rodgers had a 30% whole person impairment for the left hip, of which 20% was pre-existing active and 10% was attributable to the acute left hip work injury. The ALJ also assigned an 8% whole person impairment rating for the lumbar spine. ALJ Kinney found that although Rodgers could not perform his pre-injury work, he "retains the capacity to perform sedentary or light duty work." The ALJ awarded permanent partial disability (PPD) benefits based upon a 17% combined permanent impairment rating enhanced by the three-multiplier.

---

[2] The ALJ's Opinion, Award, & Order states that it was entered on January 8, 2020; however, that appears to be a typographical error. The correct date is 2021.

On December 18, 2023, Rodgers filed a motion to reopen pursuant to KRS[3] 342.125, alleging a change of disability shown by objective medical evidence. In his accompanying affidavit, Rodgers stated that he believed his occupational disability had increased to the extent that he is now permanently and totally disabled. Rodgers also filed an affidavit from Chad Morgan, D.C., who opined: that Rodgers's medical condition has deteriorated with respect to his left hip and low back since entry of the Opinion and Award; that his pain and restrictions had increased; that the worsening of his condition had resulted in a greater occupational disability; and that Rodgers is now permanently and totally occupationally disabled from any gainful employment.

By Order entered on January 24, 2024, Chief ALJ Gott determined that Rodgers had made a *prima facia* showing for reopening and granted his motion to the extent that the claim was ordered assigned to an ALJ for further adjudication. On February 16, 2024, the reopened claim was assigned to ALJ Kenneth Smith. On reopening, Rodgers submitted records/reports from Dr. Chad Morgan and from Dr. Gilbert, who performed an Independent Medical Examination on March 5, 2024, at the request of Rodgers's counsel. Muhlenburg submitted IME reports from Dr. Stacie Grossfeld, Dr. Frank Bonnarens, and Dr. John Vaughn -- as well as a report from Dr. Ralph Crystal, who performed a

---

[3] Kentucky Revised Statutes.

-3-

vocational and occupational employability evaluation at Muhlenburg's counsel's request.

On November 1, 2024, ALJ Smith entered an Opinion, Award, and Order as follows in relevant part:

> The sole issue for determination is whether Rodgers has a change in occupational disability since the January 8, 2021, award. . . .
>
> Rodgers argues his disability has progressed to the point of permanent and total disability. In *City of Ashland v. Stumbo*, 461 S.W.3d 392 (Ky. 2015), the court laid out a five-step analysis which the ALJ must utilize in determining entitlement to permanent total disability. Initially, the ALJ must determine if the claimant suffered a work-related injury. Next, the ALJ must determine what, if any, impairment rating the claimant has. Third, the ALJ must determine what permanent disability rating the claimant has. Then the ALJ must determine that the claimant is unable to perform any type of work. (In making this determination, the ALJ must state with some specificity the factors which were utilized in making the conclusion the claimant is permanently and totally disabled). The ALJ must consider several factors including the worker's age, education level, vocational skills, medical restrictions, and the likelihood that he can resume some type of "work" under normal employment conditions. *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000). Finally, the ALJ must determine that the total disability is the result of the work injury.
>
> Under the first step, a prior ALJ determined Rodgers suffered a work-related left hip injury and low back cumulative trauma injuries.

Under the second step, the prior ALJ determined Rodgers has a combined 17% WPI.

Under the third step, I have determined Rodgers has a 17% permanent disability rating. (17% x 1 = 17%).

Under the fourth step, I must determine whether Rodgers is unable to perform any type of work related to his work injuries. After considering Rodgers' age, education level, vocational skills, medical restrictions, and the likelihood he can resume some type of work under normal employment conditions, I find Rodgers is permanently and totally disabled.

The weight of the evidence indicates Rodgers has a change in disability and increased work restrictions since the January 8, 2020 [*sic*], award. In the January 8, 2020 [*sic*], award, the prior ALJ found Rodgers retained the ability to perform both light and sedentary work. However, the weight of the evidence currently indicates at best Rodgers is limited to a restricted range of sedentary work. Dr. Gilbert restricted Rodgers to sedentary work noting he is likely occupationally disabled from any occupation for the foreseeable future. Dr. Grossfeld determined Rodgers was severely restricted and would be limited to sedentary duty. Dr. Bonnarens restricted Rodgers to sedentary work with the need to change positions as needed. . . . Dr. Vaughan . . . gave no opinion on restrictions.

. . .

Having considered all the evidence, I am persuaded by Dr. Gilbert's opinion Rodgers is likely occupationally disabled from any occupation for the foreseeable future. Dr. Gilbert's opinion is supported by the opinion of Dr. Chad Morgan that Rodgers is permanently and totally disabled from any gainful employment. Rodgers has testified there is not any job he has had in his past or any other job that he could do.

-5-

(Hearing Transcript, pages 16 and 21). He was approved Social Security disability in February 2023. (Id.). Rodgers has hip and back pain when he sits and must move around to get comfortable. (Id., pages 18-19). He further testified he would not be able to focus on his job due to his pain. (Id., page 20). His most comfortable position is lying in bed with pillows. (Id.).

Rodgers' testimony of his restrictions is persuasive, credible, and consistent with the medical opinion of Dr. Gilbert in terms of his capacity to be able to work. In *Hush v. Abrams*, 584 S.W.2d 48, 51 (Ky. 1979), the court held a worker's testimony is competent evidence on the question of the extent of occupational disability, when not in conflict with medical evidence.

In his vocational report, Dr. Crystal evaluated restrictions from some of the IME reports filed in the claim and Rodgers' ability to perform work based on those restrictions . . . [but] does not mention Dr. Gilbert's March 5, 2024, IME report at all. Due to the incomplete nature of Dr. Crystal's report, I do not find it persuasive or determinative regarding Rodgers' ability to perform any type of work related to his work injuries.

Under KRS 342.730(1)(a), I find Rodgers is entitled to permanent total disability benefits.

Muhlenburg filed a petition for reconsideration, which ALJ Smith

denied by Order entered December 5, 2024, as an impermissible re-argument of

the merits; nevertheless, ALJ Smith further explained as follows in relevant part:

KRS 342.125(1)(d) requires a change of disability to be shown by objective medical evidence of a worsening of impairment due to a condition caused by the injury since the date of the award or order. In Colwell v. Dresser Instrument Div., 217 S.W.3d 213, 218 (Ky. 2006), the Court concluded a greater permanent impairment rating

-6-

is not the only evidence by which the statute permits a worsening of impairment to be shown and if findings demonstrate an injured worker suffers a greater loss, loss of use, or derangement of a body part, organ system, or organ function due to a condition caused by the injury, they demonstrate a worsening of impairment.

. . .

Evidence of a worsening of impairment also requires that there be a comparison of impairment at two points in time. Hodges v. Sager Corp., 182 S.W.3d 497, 501 (Ky. 2005). . . .

. . .

Therefore, I rely on the prior ALJ's January 8, 2021, findings Plaintiff could perform light duty work compared to Plaintiff's current objective medical findings and restrictions to a limited range of sedentary work as indicated by the opinions of Dr. Gilbert, Dr. Morgan, Dr. Grossfeld, and Dr. Bonnarens, to find Plaintiff has proven a change in occupational disability.

Muhlenburg appealed to the Workers' Compensation Board (Board) and argued that ALJ Smith's finding of worsening of condition to permanent total disability was an abuse of discretion and that Dr. Gilbert's and Dr. Morgan's opinions cannot constitute substantial evidence to support that determination. Further, it argued that the ALJ erred in relying upon Rodgers's statements alone to conclude that he was a surgical candidate.[4]

---

[4] The Board explained that the issue of whether Rodgers was a (low back) surgical candidate was not preserved and was not before it. (Bd. Op., pp. 2, 20.)

By Opinion rendered April 4, 2024, the Board affirmed as follows in relevant part:

> [A] reopening for permanent total disability benefits does not require an increased impairment rating. The AMA Guides define impairment as "a loss, loss of use, or derangement of a body part, organ system, or organ function." "A worsening of impairment may or may not warrant increasing the worker's permanent impairment rating under the Guides." Colwell v. Dresser Instrument, [217 S.W.3d 213, 218 (Ky. 2006)].
>
> The ALJ provided a thorough review of the evidence presented and analyzed Rodgers' entitlement to permanent total disability benefits pursuant to relevant statutory and case law. The ALJ appropriately considered factors discussed in Ira A. Watson Department Store v. Hamilton, supra, provided an analysis as required by City of Ashland v. Stumbo, supra, and provided adequate findings supporting his determination. The ALJ also outlined and addressed each of the five steps required by City of Ashland v. Stumbo, supra, and determined Rodgers' disability has worsened and he is now permanently totally disabled.
>
> . . .
>
> The credibility and weight to be afforded evidence is left to the ALJ. . . . The ALJ provided the basis for his determination, which is sufficiently supported by the evidence.

Muhlenburg appeals and reargues its case. Where, as here, the ALJ finds in favor of the party with the burden of proof, the standard of review on appeal is whether the ALJ's decision is supported by substantial evidence. *LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 386 (Ky. 2017). It is axiomatic that "[t]he

-8-

ALJ as fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence . . . [and] is free to choose to believe or disbelieve parts of the evidence from the total proof, no matter which party offered it." *Id.* (citations omitted). Moreover, "[a] worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured." *Ira A. Watson Dep't Store*, 34 S.W.3d at 52 (citation omitted).

The Board is supposed "to decide whether the evidence is sufficient to support a particular finding made by the ALJ[.]" *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). The function of the Court of Appeals "is to correct the Board only where [this] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88.

We perceive no such error in the case before us. *Colwell*, *supra*, upon which the ALJ and the Board relied, explains that:

> KRS 342.125(1)(d) permits a final workers' compensation award to be reopened and amended based upon evidence of a "change of disability as shown by objective medical evidence of worsening or improvement of impairment . . . ."
>
> . . .
>
> Because KRS 342.125(1)(d) requires only a "worsening of impairment," we have determined that the

claimant was not required to prove a greater permanent impairment rating in order to receive permanent total disability benefits at reopening. Her burden was to prove by objective medical evidence that she sustained a worsening of impairment from the injury; to prove that the change was permanent; and to prove that it caused her to be totally and permanently disabled under the standard described in KRS 342.0011(11)(c)[5] and *Ira A. Watson Department Store v. Hamilton, supra.*

*Colwell*, 217 S.W.3d at 214-15.

The holding in *Colwell* was reaffirmed in *Fleming, supra*:

On reopening, an ALJ may find that a claimant who was initially permanently partially disabled is permanently totally disabled if the claimant has established his impairment has increased to the extent that he is no longer able to work as defined in KRS 342.0011(34).[6] [*Colwell*] *Id.* at 218. In such cases, the ALJ is not required to find, and the claimant is not required to establish, that he has an increase in permanent impairment rating. *Id. . . .* In other words, to show a change from a permanent partial disability to a permanent total disability on reopening, a claimant need only show an increase in impairment, *i.e.*, additional loss of the use of body part, organ, etc. . . .

*Fleming*, 520 S.W.3d at 388. In *Fleming*, the Court "note[d] that the initial ALJ found that Fleming's restrictions permitted him to return to the type of work he performed at the time of his injury. The ALJ on reopening found that Fleming is

---

[5] KRS 342.0011(11)(c) provides in relevant part that: "'Permanent total disability' means the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury . . . ."

[6] KRS 342.0011(34) provides that: "'Work' means providing services to another in return for remuneration on a regular and sustained basis in a competitive economy[.]"

not capable of performing that type of work, **which is evidence of a change in impairment**." *Id.* at 389 (bold-face emphasis added).

In the case before us, the initial ALJ (Kinney) found that Rodgers retained the capacity to perform light work. That determination is *res judicata. Id.* at 387. On reopening -- as was his prerogative -- ALJ Smith was persuaded "by Dr. Gilbert's opinion Rodgers is likely occupationally disabled from any occupation for the foreseeable future." ALJ Smith noted that Dr. Gilbert's opinion was supported by Dr. Morgan's opinion "that Rodgers is permanently and totally disabled from any gainful employment." ALJ Smith was also persuaded by Rodgers credible testimony that "there is not any job he has had in his past or any other job that he could do."

We agree with the Board that the ALJ thoroughly reviewed the evidence and that he properly analyzed Rodgers's entitlement to PTD. We conclude that the ALJ's determination that Rodgers is now permanently and totally disabled is supported by substantial evidence.

Accordingly, we affirm.


ALL CONCUR.

-11-

BRIEF FOR APPELLANT:

Lori V. Daniel
Lexington, Kentucky

BRIEF FOR APPELLEE:

McKinnley Morgan
London, Kentucky