**Ervin STAMBAUGH, Appellant,**

v.

**CEDAR CREEK MINING COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Gemma M. Harding, Louisville, Fred G. Francis, Prestonsburg, for appellees.

NEIKIRK, Justice.

On October 26, 1966, Ervin Stambaugh, a coal miner, filed a claim with the Workmen's Compensation Board alleging total and permanent disability resulting from the occupational disease of silicosis. The Board, in an opinion and order dated May 20, 1968, found that Stambaugh was, in fact, totally and permanently disabled, but that his disability was not caused by silicosis or pneumoconiosis, and dismissed the claim. On appeal the Floyd Circuit Court affirmed the Board. Stambaugh did not appeal that judgment.

On October 9, 1969, Stambaugh filed a motion requesting the Board to reopen and review the dismissal of his claim. In support of the motion, Stambaugh filed an affidavit of Dr. William H. Anderson. On October 17, 1969, Stambaugh also filed with the Board a new application for adjustment of claim alleging total and permanent disability due to the occupational disease of silicosis. On October 20, 1969, Stambaugh filed a motion to consolidate this claim with his original claim. On December 8, 1969, the Board overruled the motion to reopen, dismissed the new application, and overruled the motion to consolidate the claims. On appeal to the Floyd Circuit Court the action of the Board was affirmed. Stambaugh appeals.

The Board held that a reopening would violate the rule of res adjudicata. Compensation cases may be reopened on grounds that would not be sufficient to authorize the disturbance of judgments in common law or equity proceedings. A "change of condition," for example, would not overcome the defense of res adjudicata in a tort case as it does in a compensation case. Cf. KRS 342.125. The Board erred in its dismissal of Stambaugh's claim solely on the basis of res adjudicata. Where the statute expressly provides for reopening under specified conditions, the rule of res adjudicata has no application when the prescribed conditions are present.

Although the Board erred in its refusal to consider the application to reopen, we are not holding that Stambaugh was automatically entitled to an administrative determination of the merits of his application to change the Board's previous decision. The party who seeks to change the Workmen's Compensation Board's decision in favor of his adversary on an application to reopen should be required to make a reasonable prima facie preliminary showing of the existence of a substantial possibility of the presence of one or more of the prescribed conditions that warrant a change in the Board's decision before his adversary is put to the additional expense of relitigation. The Board should formulate reasonable standards for the form and content of such a preliminary showing. Whether Stambaugh's showing is sufficient to cause a re-examination of the Board's previous decision and the taking of evidence we leave to the Board's reasonable discretion as it applies the policy decisions necessary to establish the standards required.

The judgment is reversed to the extent that the case be remanded to the Board with directions that the Board determine whether or not Stambaugh has made a sufficient showing to justify a reopening of his claim.

EDWARD P. HILL, Jr., MILLIKEN, OSBORNE, PALMORE and REED, JJ., concur.