ZEIGLER COAL COMPANY, Appellant,

v.

Edward HOPSON, Jr.; John Calhoun Wells, Commissioner of Labor and Custodian of the Special Fund and Coal Miners' Pneumoconiosis Fund; and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 15, 1986.

Case Ordered Published by Supreme Court, Jan. 13, 1987.

Richard M. Joiner, Madisonville, for appellant.

Dick Adams, Madisonville, for Edward Hopson.

John Riehl, Jr., Thomas A. Dockter, Louisville, for special fund.

Before GUDGEL, HOWERTON, and MILLER, JJ.

GUDGEL, Judge:

The principal issue in this appeal is whether the workers' compensation board may validly reopen a claim which was previously dismissed without prejudice. The court below adjudged that it could. We agree. Hence, we affirm.

Appellee Edward Hopson, Jr. was employed by appellant Zeigler Coal Company (Zeigler) until December 22, 1978. On June 25, 1979, Hopson filed a claim for workers' compensation benefits against Zeigler, alleging that he was totally disabled due to having contracted the disease of coal workers' pneumoconiosis. Zeigler notified Hopson, however, that it would resist the claim. On July 17, 1979, Hopson went to work for Island Creek Coal Company after passing a preemployment physical. Because he returned to working in the mines, Hopson filed a motion on September 14, 1979 to dismiss his pending claim against Zeigler without prejudice. On October 22, the board sustained Hopson's motion and ordered his claim against Zeigler dismissed without prejudice.

On April 5, 1982, Hopson filed a claim against Island Creek Coal Company. The board ordered, on its own motion, that the 1982 claim be "consolidated" with the previously dismissed 1979 claim. Then, on July 19, 1982, Hopson filed a motion asking the board to reopen the 1979 claim. On July 28, the board granted Hopson's motion to reopen and the parties proceeded to adduce proof.

On January 23, 1984, the board rendered an opinion and award. The board found that Hopson falsely represented in writing to Island Creek that he was not previously disabled by coal workers' pneumoconiosis, and that he falsely indicated his prior health status. Pursuant to KRS 342.316(9), therefore, the board dismissed Hopson's claim against Island Creek. Additionally, the board dismissed Hopson's reopened claim against Zeigler, although it failed to indicate its reasons for doing so.

Hopson appealed the board's decision to the circuit court. The court affirmed the dismissal of the claim against Island Creek, but reversed the order dismissing the claim against Zeigler. This appeal followed.

Zeigler cites *Beth-Elkhorn Corporation v. McFall*, Ky., 415 S.W.2d 857 (1967), in support of its argument that, since Hopson's 1979 claim had previously been dismissed, the board lacked jurisdiction in 1982 to order that claim reopened since there was nothing pending before the board which could be reopened. Hence, Zeigler argues, the court erred by reversing the board's order of dismissal. Hopson, however, cites *Stambaugh v. Cedar Creek Mining Company*, Ky., 488 S.W.2d 681 (1972), in responding that the board does indeed have jurisdiction to order a previously dismissed claim reopened.

Although at first blush it would appear that *Beth-Elkhorn Corporation* and *Stambaugh* are inconsistent with one another, a close analysis reveals otherwise. Moreover, further analysis establishes that neither case is dispositive of the precise issue presented in the instant action, although the *Stambaugh* decision clearly supports Hopson's position.

In *Beth-Elkhorn Corporation*, the board dismissed a proceeding in which the employee filed a motion to reopen in order to seek a retroactive award of medical benefits against an employer. The employee's claim for such benefits had been previously dismissed after a determination of the claim on its merits, and had not been ap-

pealed. The board, however, reopened the claim and awarded the employee medical benefits. On appeal, the court reversed the board's order on the ground that the previous final order dismissing the employee's claim for medical benefits was res judicata as to his renewed claim against the employer for such benefits, so that the board had lost jurisdiction of the claim. Further, the court concluded that even if the employee's motion had been considered as one to reopen under KRS 342.125, there was nothing for the board to reopen since it had nothing pending before it against the employer on which it was authorized to act.

In *Stambaugh*, by contrast, the board dismissed on the merits a pneumoconiosis claim for medical expenses and income benefits, based on a finding that the worker's disability was not caused by the disease. Three years later, the worker filed a new application for benefits and a motion to reopen the earlier claim on the ground that he had contracted the disease. The board denied the motion to reopen and dismissed the new claim. On appeal, the court reversed the board on the ground that it erred by denying the motion to reopen and dismissing the new claim based solely on the doctrine of res judicata. The court concluded that, where a claim for medical and income benefits was dismissed on the merits but the claimant subsequently makes a reasonable prima facie preliminary showing of a substantial possibility that one or more of the prescribed conditions now exists so as to warrant a change in that decision, the board must determine whether the particular claim should be reopened.

The *Beth-Elkhorn Corporation* and *Stambaugh* decisions are not inconsistent. In the former case, the employee did not seek to reopen his claim under KRS 342.-125 but, instead, attempted to relitigate his original claim for past medical expenses. Thus, the claim was barred by the doctrine of res judicata. Moreover, although the court additionally noted that there was nothing pending between the employer and employee to authorize the board's reopening of the claim pursuant to KRS 342.125, that dicta merely acknowledged the board's

lack of authority to retroactively award medical expenses which were earlier denied. *Cf. Reynolds v. Justice Coal Co.*, Ky., 425 S.W.2d 750 (1968). In *Stambaugh*, by contrast, the employee specifically sought to reopen a dismissed claim for benefits, and the court held that the claim could be reopened provided the claimant made a sufficient showing to justify a reopening. Further, in contrast to *Beth-Elkhorn Corporation*, the employee in *Stambaugh* sought an award of only prospective, rather than retroactive, benefits.

■ Here, Zeigler's position is even weaker than that of the employer in *Stambaugh*, as Hopson's claim in the instant action was dismissed without prejudice. We are bound to conclude that if a claim such as that in *Stambaugh*, which was dismissed with prejudice after a hearing on the merits, may be reopened under KRS 342.125, then a claim such as the one in the instant action, which was dismissed without prejudice and without a hearing on the merits, may be reopened as well.

■ Here, the board implicitly found that Hopson was totally disabled, due to coal workers' pneumoconiosis, at the time he went to work for Island Creek. That being so, it is obvious that his claim against Zeigler may have had merit and that, at the time he voluntarily dismissed the claim and went to work for Island Creek, he may have been mistakenly laboring under a misconception as to whether he had contracted and become disabled by the disease of pneumoconiosis. *Cf. Blue Diamond Coal Company v. Meade*, Ky., 289 S.W.2d 503 (1956), *overruled in part*, Ky., 459 S.W.2d 776 (1970). Hence, the board did not exceed its authority by ordering that Hopson's claim against Zeigler be reopened. It follows that since the board failed to make any findings to justify its dismissal of Hopson's reopened claim against Zeigler, the court did not err by remanding that claim to the board with directions to determine the claim on the merits.

The court's order is affirmed.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal,

the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

HOWERTON, J., concurs.

MILLER, J., concurs in result only.