**BASIN ENERGY COMPANY,**
Appellant

v.

Timothy HOWARD; Terry L. Wright, M.D.; Hon. Jane Rice Williams, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Timothy Howard, Cross–Appellant

v.

Basin Energy Company; Terry L. Wright, M.D.; Hon. Jane Rice Williams, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 2013–CA–001725–WC, 2013–CA–001798–WC.

Court of Appeals of Kentucky.

Aug. 8, 2014.

W. Barry Lewis, Hazard, KY, for Appellant/Cross–Appellee, Basin Energy Company.

John Earl Hunt, Allen, KY, for Appellee/Cross–Appellant, Timothy Howard.

Eric M. Lamb, Louisville, KY, for Amicus Curiae Kentucky AFL–CIO.

Before JONES, MAZE, and MOORE, Judges.

## OPINION

JONES, Judge:

This appeal and cross-appeal arise out of the September 9, 2013, Opinion by the Workers' Compensation Board ("Board"). Therein, the Board *sua sponte* concluded that the Administrative Law Judge ("ALJ") lacked subject-matter jurisdiction over the medical dispute at issue, and that, in turn, it lacked jurisdiction over the appeal. The Board then vacated the ALJ's underlying order resolving the medical dispute in Basin Energy Company's ("Basin") favor, dismissed Timothy Howard's ("Howard") appeal without addressing its merits, and directed the Chief ALJ to enter an order denying Basin's motion to reopen.

Howard and Basin have both appealed, alleging that the Board erred in determining that it lacked subject-matter jurisdiction. Howard also argues that the ALJ's decision resolving the medical dispute in Basin's favor is not supported by substantial evidence.

For the reasons more fully explained below, we reverse and remand this matter to the Board with instructions to adjudi-

cate the merits of Howard's underlying appeal.

## I. BACKGROUND

On October 5, 2007, Howard filed a filed a Form 101 Application for Resolution of Injury Claim with the Department of Workers' Claims ("Department") seeking workers' compensation benefits from Basin. Howard alleged that while at work on May 6, 2006, he injured his neck, back, and right shoulder. Howard also alleged a corresponding psychological injury.

The Department assigned Howard's claim to the Hon. John B. Coleman ("ALJ Coleman"), directed Basin to file a notice of claim denial or acceptance, entered a proof schedule, and scheduled a Benefit Review Conference ("BRC"). Following discovery, ALJ Coleman conducted a BRC on March 12, 2008, and presided over a final evidentiary hearing on April 29, 2009. The parties agreed to settle Howard's claim before ALJ Coleman rendered a decision on the contested issues.

In accordance with the Department's Administrative Regulations ("Regulations"), the parties prepared a Form 110 Agreement as to Compensation and Order Approving Settlement ("Form 110") for ALJ Coleman's review and approval. Under the Benefit and Settlement Information section of the Form 110, page 3, the parties described the monetary terms of their settlement as follows:

> $85,000.00 (Eighty–Five Thousand Dollars and zero cents) in a lump sum to be paid as follows: x lump sum, and —— weekly for —— weeks, —— by annuity, x other-Settlement is for complete and total dismissal with prejudice of any and all claims, except that Plaintiff preserves and does not waive his right to future medical expenses that are reasonable and necessary and for his physical injuries. The open medical obligation of the Defendant/Employer is defined as a cervical and lumbar strain and right shoulder impingement syndrome.

On page 4, the Form 110 stated that while Howard was waiving future medical expenses in connection with his psychological/psychiatric claim, he "does not waive his right to future medical expenses for an open medical obligation of the Defendant/Employer which is defined as cervical and lumbar strain and right shoulder impingement syndrome." Pages 5 and 6 of the Form 110 also reference the parties' agreement that under the terms of their settlement, future medical expenses remained open as related to Howard's shoulder and back injuries.

Basin tendered the Form 110 as an attachment to a motion requesting ALJ Coleman to approve the settlement. ALJ Coleman approved the Form 110 on July 30, 2009. On that same day, ALJ Coleman also signed Basin's proposed order granting its motion for approval of the Form 110 ("July 2009 Order"). The July 2009 Order states:

> This matter is before the Administrative Law Judge on motion of the Defendant–Employer to approve a Form 110–I settling the above-captioned claim. The Administrative Law Judge having reviewed the motion and being fully advised;
>
> IT IS HEREBY ORDERED that the Plaintiff's claim will be and same is hereby ordered DISMISSED, with prejudice as SETTLED.

In accordance with the terms of the settlement, Basin continued to cover medical expenses as related to Howard's cervical and lumbar strain and right shoulder impingement syndrome. On May 22, 2012, Basin filed a motion to reopen, requesting that the Department reopen Howard's claim so that it could file a Form 112

medical dispute to contest the reasonableness and necessity of Howard's monthly office visits with Dr. Terry Wright and Howard's prescriptions for Oxycodone.

Howard responded to the motion asking that the underlying medical dispute be assigned to an ALJ for a hearing and final determination. The Chief ALJ sustained Basin's motion. The Department then assigned the motion to reopen and medical dispute to the Hon. Jane Rice Williams ("ALJ Williams") for final adjudication. ALJ Williams conducted a BRC on October 30, 2012. The BRC form indicates that the sole contested issue reserved by the parties for determination was the reasonableness and necessity of the medical treatment described in Basin's Form 112.

ALJ Williams conducted a final evidentiary hearing on November 14, 2012, at which Howard was the only witness.[1] As part of the hearing, ALJ Williams reconfirmed on the record that the sole issue before her was the "reasonableness and necessity of the treatment by Dr. Terry Wright." The parties, both of whom were represented by counsel, agreed that ALJ Williams correctly identified and recited reasonableness and necessity as the sole contested issue.

On January 4, 2013, ALJ Williams rendered an Opinion and Order in Basin's favor in which she concluded that Basin had "sustained its burden of proving that the monthly office visits and Oxycodone are not reasonable and necessary for the cure and relief of the effects of [Howard's] work injury." Accordingly, ALJ Williams ordered that Basin was "relieved from the responsibility for payment of said office visits and Oxycodone." Howard filed a petition for reconsideration, which ALJ Williams granted in part as related to a typographical error and denied in part as related to the sufficiency of evidence she relied upon in reaching her conclusion.

Howard then filed a timely appeal of ALJ Williams's Opinion and Order and Order on Reconsideration with the Board. On appeal, the Board *sua sponte* determined that ALJ Coleman's July 2009 Order deprived ALJ Williams of subject-matter jurisdiction because it dismissed Howard's claims "with prejudice." The effect of the July 2009 Order had not been raised in Howard's response to Basin's motion to reopen, during the BRC, or at the final hearing.

The Board's opinion states:

The [July 2009 Order] clearly dismissed Howard's claim in its entirety, with prejudice, as settled. As the claim was dismissed with prejudice without any qualifying language, subject matter jurisdiction was lacking and the ALJ could not rule upon the medical fee dispute. Although neither of the parties have raised this issue, subject matter jurisdiction cannot be waived and may be raised at any time even on appeal even when not originally preserved as an issue at the time of the original proceedings. *See Karahalios v. Karahalios,* 848 S.W.2d 457 (Ky.App.1993). Further, jurisdiction cannot be conferred by consent of the parties. Therefore, it is appropriate for this Board to make its own determination whether the CALJ properly granted Basin Energy's motion to reopen. *See Hubbard v. Hubbard* [303 Ky. 411], 197 S.W.2d 923 (Ky.1946). Therefore, since Howard's claim was dismissed with prejudice neither Basin Energy nor Howard currently have the ability to seek reopening of the claim.

---

1. In addition to Howard's testimony, the parties relied on the evidence they had previously filed of record.

Stated another way, Howard's claim could not be reopened as ALJ Coleman had dismissed his claim with prejudice on July 30, 2009.

We emphasize it is not within this Board's province to alter ALJ Coleman's July 30, 2009, order. As evidenced by Basin Energy's motion to reopen and Howard's response, it is apparent the July 30, 2009, order is contrary to the parties' intended result. However, the fact remains the July 30, 2009, order has been in effect for over four years and neither party has sought relief from that order.

Accordingly, it is ordered the January 4, 2013, opinion and order, the February 6, 2013, order denying the petition for reconsideration, and the June 20, 2012 order sustaining Basin Energy's motion to reopen and joining Dr. Wright as a party are VACATED. It is further ordered this appeal is DISMISSED and this matter is REMANDED to the CALJ for entry of an order denying Basin Energy's motion to reopen.

This appeal followed.

## II. STANDARD OF REVIEW

"It is fundamental that a court must have jurisdiction before it has authority to decide a case. Jurisdiction is the ubiquitous procedural threshold through which all cases and controversies must pass prior to having their substance examined." *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky.2005). Each court or administrative body "must determine for itself whether it has jurisdiction." *Id.* (quoting *Hubbard v. Hubbard,* 303 Ky. 411, 197 S.W.2d 923 (Ky.1946)).

**2.** As we are dealing with an administrative body as part of this appeal, we must consult the relevant statutes to determine the authori-

We review determinations on subject-matter jurisdiction *de novo. See Appalachian Regional Healthcare, Inc. v. Coleman,* 239 S.W.3d 49, 54 (Ky.2007) ("The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is *de novo.*").

## III. ANALYSIS

### A. Subject–Matter Jurisdiction versus Particular–Case Jurisdiction

"Subject-matter jurisdiction concerns the very nature of the court's creation under constitutional provisions."[2] *Hisle v. Lexington–Fayette Urban County Government,* 258 S.W.3d 422, 429 (Ky.App. 2008). Subject-matter jurisdiction must be determined without resort to particular-case factual inquiries. The parties' actions in the litigation cannot confer subject-matter jurisdiction or take it away once it has been properly established. Subject-matter jurisdiction either exists or it does not. "Once a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the *existence* of jurisdiction." *Id.* (quoting *Buckalew v. Buckalew,* 754 N.E.2d 896, 898 (Ind.2001)).

The distinction between subject-matter jurisdiction and particular-case jurisdiction is vitally important because while subject-matter jurisdiction cannot be conferred by waiver, parties can waive particular-case jurisdiction. Thus, while a reviewing administrative body and/or court is obligated to dismiss an action where there is no subject-matter jurisdiction, even if the issue of jurisdiction has never been asserted by the parties, particular-

ty the General Assembly gave to that particular administrative body.

case jurisdiction is waived if not properly presented at the trial court level.

In *Commonwealth v. Steadman*, 411 S.W.3d 717 (Ky.2013), the Kentucky Supreme Court went to great lengths to clarify the important distinction between particular-case jurisdiction, which is waived if not timely asserted, and subject-matter jurisdiction, which can never be waived. *Steadman* concerned a trial court's restitution order, which was entered more than ten days after final judgment. Steadman did not raise the "jurisdictional" issue before the trial court. On appeal, the Kentucky Supreme Court determined that because the circuit court has jurisdiction over felony criminal matters, it did not act outside its general subject-matter jurisdiction, but only outside of its particular-case jurisdiction. Since Steadman did not raise the alleged error before the trial court, the Supreme Court ruled that it was waived.

 The *Steadman* court explained this very fundamental and important distinction with such clarity that we quote its explanation at length:

Admittedly, this Court has said repeatedly in the past that a trial court *loses jurisdiction* of a case ten days after entry of a final order or judgment. *See, e.g., Commonwealth v. Marcum*, 873 S.W.2d 207, 211 (Ky.1994) ("[J]udgment became final once ten days had elapsed with no action taken to alter, amend or vacate it; and ... the court had *lost jurisdiction* over the case." (citation omitted)); *Silverburg v. Commonwealth*, 587 S.W.2d 241, 244 (Ky.1979) ("The court had lost jurisdiction of the case...."). We have also stated that the filing of a notice of appeal divests the trial court of jurisdiction and "transfers jurisdiction of the case from the circuit court to the appellate court." *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky.1990).

But these decisions repeatedly refer to jurisdiction of or over "the case." They do not say the court loses jurisdiction over the subject matter of the case, or a category or class of cases.

. . . .

There is a significant difference between general subject-matter jurisdiction and jurisdiction over a particular case. General subject-matter jurisdiction "refers to a court's authority to determine 'this kind of case' (as opposed to 'this case')." *Commonwealth v. Griffin*, 942 S.W.2d 289, 290 (Ky.1997). This differs from "another type of jurisdiction, jurisdiction over a particular case, ... [which] refers to a court's authority to determine a specific case (as opposed to the class of cases of which the court has subject matter jurisdiction)." *Id.; see also Milby v. Wright*, 952 S.W.2d 202, 205 (Ky.1997) ("Finally there is jurisdiction over the particular case at issue, which refers to the authority and power of the court to decide a specific case, rather than the class of cases over which the court has subject-matter jurisdiction.")

. . . .

A court's power to affect its own judgment within ten days of entry or after the filing of a notice of appeal is this latter category: jurisdiction over a particular case. Such questions go more accurately to the propriety of the exercise of jurisdiction rather than to the *existence* of jurisdiction. As noted above, the decisions describing a lack of jurisdiction under such circumstances limit it to "this case." That alone shows that we are talking not about limits on the court's power over an entire category of cases, but whether the court has exceeded its power with respect to *this* case.

. . . .

That these procedural rules are concerned with particular-case jurisdiction is also shown by the fact that they turn on particular facts, rather than whether the case fits within a statutorily or constitutionally defined category. "This kind of jurisdiction often turns solely on proof of certain compliance with statutory requirements and so-called jurisdictional facts, such as that an action was begun before a limitations period expired." *Nordike*, 231 S.W.3d at 738. The jurisdictional facts that would decide a particular-case jurisdictional question here are whether the trial court acted within ten days of entering its judgment, or whether Steadman had filed a notice of appeal.

Under the facts of this case, once they are accurately laid out, the trial court had lost jurisdiction of this case, but not subject-matter jurisdiction, when it entered the restitution order more than ten days after entering the final judgment imposing the sentence. But that does not mean that Steadman wins the jurisdictional fight in this particular case.

As noted above, Steadman complained about this issue for the first time on appeal. He never raised this issue with the trial court, and in fact all but consented to having the restitution hearing after his final sentencing. Moreover, he had ample opportunity to raise any jurisdictional issue, and even addressed some issues related to his appeal at the restitution hearing. Yet he and his counsel acted as though the trial court still had jurisdiction. Not only did his counsel indicate that the first notice of appeal may have been ineffective, but Steadman himself had ready and filed a notice of appeal at the end of the hearing.

Almost all issues are subject to waiver, whether from inaction or consent, even in a criminal case, and "[a] new theory of error cannot be raised for the first time on appeal." [Citations omitted].

The lone exception to this rule, of course, is when the question is whether the trial court had general *subject-matter* jurisdiction. As we have concluded, however, the questions Steadman has raised do not go to subject-matter jurisdiction and instead concern only whether the trial court had particular-case jurisdiction. Or, more precisely, as "challenges to [the trial court's] subsequent rulings and judgment," they "are questions incident to the exercise of jurisdiction rather than to the *existence* of jurisdiction." *Hisle*, 258 S.W.3d at 429–30 (quoting *Buckalew v. Buckalew*, 754 N.E.2d 896, 898 (Ind.2001)). In other words, they are allegations of pure legal error and not of a failure of the court's power to act at all. And *particular-case* jurisdiction is subject to waiver. *Griffin*, 942 S.W.2d at 291 ("[A] lack of jurisdiction of the particular case, as dependent upon the existence of particular facts, may be waived.") (quoting *Collins v. Duff*, 283 S.W.2d 179 (Ky.1955)). It is clear that Steadman waived particular-case jurisdiction here.

*Steadman*, 411 S.W.3d at 721–25.

■ *Steadman* makes clear that we begin and end our consideration of the Board's dismissal for lack of subject-matter jurisdiction with the relevant enabling statute, in this case the Workers' Compensation Act ("the Act"). The Act vests the ALJ with the authority to hear and decide motions to reopen. *See* KRS[3] 342.125. This authority extends to claims that have been previously "dismissed or denied on

---

3. Kentucky Revised Statutes.

the merits." *Id.* Additionally, the Act and its Regulations provide a comprehensive mechanism for review of medical disputes after a settlement or final determination on the merits of a claim. KRS 342.020(1); 803 KAR [4] 25:012 Section 1(6). The Regulations provide that: "Following resolution of a workers' compensation claim by final order, a motion to reopen pursuant to 803 KAR 25:010, Section 4(6), shall be filed in addition to the Form 112." *Id.* The Board has the authority to review an ALJ's decision resolving a medical dispute. *See* KRS 342.285.

The Act and Regulations confer jurisdiction on the ALJ to decide medical disputes filed by way of a motion to reopen after a dismissal. Therefore, even if inclusion of the "with prejudice" language in ALJ Coleman's July 2009 Order worked to somehow prevent further review of a medical dispute on reopening in that particular case, it did not divest the ALJ of her statutory authority to decide such matters in general. The "with prejudice language" could only affect the ALJ's authority in this particular case.[5]

 If an administrative body or court acts outside its general authority, any action it takes is considered void *ab initio.* It has no effect because a court or administrative body only has the power to act with its general jurisdiction. The parties cannot confer jurisdiction by waiver where none existed in the first instance. On the other hand, if a court or administrative body acts within its general jurisdiction, but outside its particular-case jurisdiction, its acts are voidable, but not void. This is because the parties can waive particular-case jurisdictional defects. *See Hisle,* 258 S.W.3d at 431.

 A reviewing body or court has an affirmative obligation to ensure that it is acting within its subject-matter jurisdiction. Even if not raised by the parties, a court must dismiss if it determines at *any* point in the litigation that it lacks subject-matter jurisdiction. The parties cannot confer jurisdiction by failing to raise the issue either intentionally or unintentionally. However, a judgment that is merely voidable due to some particular-case jurisdictional defect is an entirely different matter because parties can waive defects with respect to particular-case jurisdiction by failing to timely challenge the court's authority to act. Most importantly, where the parties have failed to timely raise particular-case jurisdictional challenges, a reviewing administrative body or court must refrain from interjecting itself into the litigation by belatedly asserting those issues *sua sponte. Harrison v. Leach,* 323 S.W.3d 702, 703 (Ky.2010).

 The ALJ had subject-matter jurisdiction to decide Basin's motion to reopen and medical dispute; likewise, the Board had subject-matter jurisdiction over the subsequent appeal. Nothing about ALJ Coleman's July 2009 Order stripped either the ALJ or the Board of their statutory authority to decide reopenings and/or medical disputes. Moreover, since neither Basin nor Howard raised the issue of whether ALJ Coleman's July 2009 Order precluded reopening in this particular case before either the ALJ or the Board, it was reversible error for the Board to *sua sponte* raise that issue on appeal.

**B. *ALJ Coleman's July 2009 Order***

 Additionally, the Board erred to the extent it determined that ALJ Cole-

---

4. Kentucky Administrative Regulations.

5. As explained in the following section, we do not believe that the "with prejudice" language can work to foreclose an otherwise proper reopening under KRS 342.125 in *any* particular case, much less an entire category of cases.

man's July 2009 Order's use of the "with prejudice" language barred a subsequent reopening as related to medical benefits that remained open under the clear terms of the Form 110. The Board noted that it was clear from a review of the record that the parties did not intend to foreclose further review of future medicals for Howard's shoulder and back injuries, as those were left open as part of the parties' settlement. Nevertheless, the Board concluded that it was bound by the "with prejudice" language in the July 2009 Order, which it determined foreclosed any reopening irrespective of the parties' intent. There is simply no way to reconcile the Board's conclusion in this regard with the Act, its Regulations, or our prior case law.

The Board failed to consider that the July 2009 Order referred to the Form 110 and denoted that the case was being dismissed as "settled" in accordance with the Form 110, which the ALJ approved on the same day. The Form 110 makes clear that the parties left medicals for Howard's back and shoulder injury open. An employer, however, is only obligated to pay for medical expenses that are reasonable and necessary. The only way to challenge the reasonableness and necessity of medical expenses after a settlement is by way of a motion to reopen and Form 112. We believe that the right to reopen pursuant to KRS 342.125 is a central part of the Act that survives irrespective of a dismissal "with prejudice," particularly a dismissal occurring as a result of a settlement where medicals have been left open.

 Our case law has been quite clear that "[c]ompensation cases may be reopened on grounds that would not be sufficient to authorize the disturbance of

judgments in common law or equity proceedings." *Stambaugh v. Cedar Creek Mining Co.*, 488 S.W.2d 681, 682 (Ky. 1972). Additionally, we have held that a reopening challenging some aspect of an award or settlement is distinct from an attempt to bring an entirely new action based on the same claims. *Zeigler Coal Co. v. Hopson*, 726 S.W.2d 309, 311 (Ky. App.1986). We have permitted reopening in the former instance even where the dismissal operated *with prejudice*. *Id.* ("We are bound to conclude that if a claim such as that in *Stambaugh*, which was dismissed with prejudice after a hearing on the merits, may be reopened under KRS 342.125, then a claim such as the one in the instant action, which was dismissed without prejudice and without a hearing on the merits, may be reopened as well.").

Additionally, while not binding precedent, we find additional support for our conclusion that ALJ Coleman's July 2009 Order did not bar Basin's medical dispute from an unpublished decision of our Supreme Court dealing with substantially similar facts, *Whittaker v. Johnson*, 2004 WL 538553 (Ky. March 18, 2004)(2003–SC–0195–WC, 2003–SC–0212–WC).[6] The issue in *Whittaker* concerned "whether the phrase 'agreement to dismiss with prejudice'" contained in an ALJ's dismissal order and settlement "could reasonably be construed as implying that the claimant agreed to waive his right to reopen." *Id.* at *2. The Supreme Court flatly rejected the employer's argument that use of "with prejudice" in the ALJ's order meant that any further reopening was barred with respect to the dismissed claims. The Court held:

The terms of the agreement are detailed and explicit, and the disputed phrase

6. We recognize that unpublished opinions are non-binding on this panel. In accordance with Kentucky Rules of Civil Procedure 76.28(4)(c), however, we may consult such opinions for guidance when there is no published authority directly on point.

was followed immediately by an express agreement to waive the right to future medical benefits. Therefore, it is likely that had there been an agreement to waive reopening, it would have been explicit, too. The same consideration applied to both the agreement to dismiss with prejudice and the waiver of future medical benefits, and the amount was not so great as to imply that a waiver of the right to reopen was included. *Finally, even a claim that a fact-finder has dismissed with prejudice may be reopened if the claimant makes a reasonable prima facie showing of a substantial possibility that one of the conditions that are specified in KRS 342.125 exists and warrants a change in the previous decision.* Therefore, it cannot be assumed that by agreeing to dismiss a claim with prejudice, a worker also agrees to waive the right to reopen. Under the circumstances, the decision to remand the motion for further consideration was correct.

*Id.* at *2 (internal citations omitted) (emphasis added).

In this case, ALJ Coleman's July 2009 Order explicitly refers to the Form 110. The Form 110 is clear and unambiguous with respect to the fact that medicals were left open for Howard's back and shoulder injuries. Under the Act and Regulations, Basin (and even Howard) has a right to reopen for the purpose of challenging the compensability of those medical expenses. The "with prejudice" language could not bar a reopening otherwise proper under KRS 342.125. The Board erred to the extent it determined that the "with prejudice" language contained in ALJ Coleman's July 2009 Order barred Basin's reopening and medical dispute.

## IV. CONCLUSION

For the reasons stated above, we must reverse the Board's dismissal for lack of subject-matter jurisdiction. The merits of this action (*i.e.*, whether substantial evidence supported ALJ Williams's decision regarding the office visits and pain medication) are not properly before us in this appeal because the Board did not address the merits in its decision. Accordingly, we must also remand Howard's cross-appeal to the Board for a determination on its merits.

ALL CONCUR.