RENDERED:  JUNE 18, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0656-MR

GLENN PEELER, JR.                                                                      APPELLANT


                                    APPEAL FROM HARDIN CIRCUIT COURT
v.                                 HONORABLE KEN M. HOWARD, JUDGE
                                        ACTION NO. 11-CR-00114


COMMONWEALTH OF KENTUCKY                                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; K. THOMPSON, AND L. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE:  Glenn Peeler, Jr. appeals *pro se* from an order of the

Hardin Circuit Court denying his motion for post-conviction relief pursuant to

Kentucky Rule of Civil Procedure (CR) 60.02.  After review, we affirm the Hardin

Circuit Court.

## FACTUAL AND PROCEDURAL BACKGROUND

In April of 2012, Peeler was convicted of two counts of complicity to commit robbery and of being a persistent felony offender and was sentenced to 22-years' imprisonment. On direct appeal, the Kentucky Supreme Court affirmed Peeler's convictions and sentence.

On August 21, 2013, Peeler filed a *pro se* Kentucky Rule of Criminal Procedure (RCr) 11.42 motion to vacate, set aside or correct sentence, alleging ineffective assistance of counsel at trial. In his motion, Peeler also requested that he be appointed counsel to assist him with his RCr 11.42 motion and for the trial court to hold an evidentiary hearing on the matter. The record shows Peeler's motion was never "verified" as required by RCr 11.42(2).

In October of 2013, the trial judge entered an order denying Peeler's motion on the merits but failed to address the lack of verification pursuant to RCr 11.42(2). Additionally, this Court ultimately dismissed Peeler's attempt to appeal the October 2013 order as untimely.

Nearly three years later, on August 10, 2016, Peeler filed a second motion under RCr 11.42 "and/or" CR 60.02 again alleging ineffective assistance of counsel. Notably, this second RCr 11.42 motion contained the proper verification required by RCr 11.42(2). The trial judge ultimately denied Peeler's second motion in January of 2017, concluding the motion was successive and, therefore,

"procedurally barred from [its] consideration." This Court later affirmed the trial court's denial of Peeler's motion.

On December 6, 2019, Peeler filed yet another *pro se* motion; this time under CR 60.02(e). Peeler claimed that because his first RCr 11.42 motion filed in 2013 was never verified pursuant to the requirements of RCr 11.42(2), the trial court lacked the proper "jurisdiction" to rule on that motion. Peeler contended that the trial court's order denying his motion and any subsequent actions were, therefore, void, and sought a reinstatement of his right to use RCr 11.42 to challenge his conviction.

On April 9, 2020, the trial court denied Peeler's CR 60.02(e) motion, noting the motion had "no basis in law or fact[.]" This appeal followed.

## ANALYSIS

On appeal, Peeler again argues that the trial court lacked the proper jurisdiction to rule on the merits of his 2013 RCr 11.42 motion because Peeler failed to verify that motion in compliance with RCr 11.42 (2), which states that "[t]he motion shall be signed and verified by the movant" and that "[f]ailure to comply with this section shall warrant a summary dismissal of the motion." Peeler now seeks to evoke CR 60.02(e) in an attempt to turn back the clock, correct his error, and begin anew.

Under CR 60.02, "a court may, upon such terms as are just, relieve a party . . . from its final judgment, order, or proceeding[.]" However, a movant filing a CR 60.02 motion must bear the burden of proving why he is entitled to such "special, extraordinary relief" not available to him in other proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Pursuant to this standard, we agree with the trial court that Peeler is not entitled to relief under CR 60.02(e).

It is clear that the trial court maintained both personal and subject matter jurisdiction over Peeler at the onset of his 2013 post-conviction claims. Personal jurisdiction is the court's authority to "compel a person to appear before it and abide by its rulings." *Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky. 2007). In this case, the trial court was authorized to exercise personal jurisdiction over Peeler as soon as Peeler brought his initial action for post-conviction relief in 2013 before the same circuit court where he was initially convicted.

Moreover, subject matter jurisdiction is the "court's power to hear and rule on a particular type of controversy." *Id*. (citation omitted). The Kentucky Constitution entrusts original jurisdiction "of all justiciable causes not vested in some other court" to the circuit courts. KY. CONST. § 112(5). Therefore, circuit courts maintain general subject matter jurisdiction over felony prosecutions and subsequent post-conviction motions such as Peeler's initial 2013 RCr 11.42

motion. *Commonwealth v. Steadman*, 411 S.W.3d 717, 722 (Ky. 2013). Thus, the circuit court had both personal and subject matter jurisdiction to adjudicate Peeler's RCr 11.42 motion.

Lastly, particular-case jurisdiction is the court's authority to determine a specific case and is determined based "on particular facts, rather than whether the case fits within a statutorily or constitutionally defined category." *Id.* at 724. Indeed, "[o]nce a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the *existence* of jurisdiction." *Hisle v. Lexington-Fayette Urban Cty. Gov't.*, 258 S.W.3d 422, 429-30 (Ky. App. 2008) (quoting *Buckalew v. Buckalew*, 754 N.E.2d 896, 898 (Ind. 2001) (emphasis in original)). As explained by the Kentucky Supreme Court, "[t]his kind of jurisdiction often turns solely on proof of certain compliance with statutory requirements and so-called jurisdictional facts, such as that an action was begun before a limitations period expired." *Nordike*, 231 S.W.3d at 738.

Notably, while a court is required to dismiss an action where there is no subject matter jurisdiction, any objections to particular-case jurisdiction may be waived if not properly presented at the trial court level. *Steadman*, at 724 ("*particular-case* jurisdiction is subject to waiver."). (Emphasis in original.) Moreover, Kentucky courts have stated that when litigants "have failed to timely

raise particular-case jurisdictional challenges, a reviewing . . . court must refrain from interjecting itself into the litigation by belatedly asserting those issues *sua sponte*." *Basin Energy Co. v. Howard*, 447 S.W.3d 179, 187 (Ky. 2014) (citation omitted).

Here, the procedural issue of Peeler's failure to verify his 2013 RCr 11.42 motion fits squarely within the realm of particular-case jurisdiction. However, Peeler's failure to raise his current jurisdictional challenge for six years and his subsequent attempt at filing another 2016 RCr 11.42 motion demonstrate a waiver of any alleged lack of particular-case jurisdiction. As previously discussed, relief under CR 60.02 is "an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief." *Harris v. Commonwealth*, 296 S.W.2d 700, 701 (Ky. 1956). Peeler's own waiver of any alleged lack of particular-case jurisdiction disqualifies him from such relief. Through his own diligence, Peeler could have discovered his own 2013 verification error and objected to the trial court's particular-case jurisdiction nearly seven years ago. Therefore, the trial judge's order denying Peeler's 2013 RCr. 11.42 motion, and the subsequent 2017 order rejecting Peeler's second RCr 11.42 motion, cannot be disputed for lack of jurisdiction as Peeler claims.

## **CONCLUSION**

We find no abuse of discretion by the circuit court and, therefore, affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Glenn Peeler, Jr., *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jeffrey A. Cross
Assistant Attorney General
Frankfort, Kentucky