RENDERED: SEPTEMBER 22, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0449-WC

LAKSHMI NARAYAN HOSPITALITY                  APPELLANT
GROUP LOUISVILLE

                 ON APPEAL FROM COURT OF APPEALS
V.                      NO. 2021-CA-0515
                 WORKERS' COMPENSATION NO. 2014-73573

MARIA JIMENEZ; HONORABLE                  APPELLEES
JONATHAN R. WEATHERBY,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**OPINION OF THE COURT BY JUSTICE HUGHES**

**<u>AFFIRMING</u>**

Maria Jimenez was employed by Lakshmi Narayan Hospitality Group (Holiday Inn) on June 6, 2014, when she slipped and sustained injuries to her neck, head, left shoulder, and back. The Chief Administrative Law Judge (CALJ) awarded temporary total disability benefits on May 1, 2017. In 2019, Jimenez's claim was reopened pursuant to Kentucky Revised Statute (KRS) 342.125(1)(d) after she alleged a worsening of her condition. Holiday Inn objected and asserted that *res judicata* barred reopening. Relying on Jimenez's deposition testimony and medical evidence, a different Administrative Law Judge (ALJ) awarded Jimenez permanent partial disability benefits and future medical benefits for treatment of her cervical spine. The Workers'

Compensation Board (Board) disagreed and determined that Jimenez's claim was barred by *res judicata*. The Court of Appeals concluded that Jimenez's claim was not barred and that the Board misconstrued the reopening statute, KRS 342.125(1)(d) and (2), because nothing in the statute precludes the reopening of an award of temporary disability benefits. This appeal followed. For the reasons stated below, we affirm the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

Maria Jimenez was employed by Holiday Inn and performed housekeeping services at a Holiday Inn in Louisville, Kentucky. On June 6, 2014, Jimenez injured her head, neck, left shoulder and back when she slipped and fell while cleaning a bathroom. Jimenez stated she hit her head and lost consciousness. Jimenez filed a workers' compensation claim on September 22, 2015, and at a June 20, 2016 Benefit Review Conference, the parties stipulated that Jimenez sustained a work-related injury, that no temporary total disability benefits had been paid, and that the defendant-employer had paid $11,322.43 in medical expenses.

On May 1, 2017, the CALJ awarded temporary total disability benefits from August 15, 2014, through April 22, 2015. The CALJ determined that Jimenez did not sustain a permanent injury and was not entitled to future medical benefits.[1] On July 25, 2019, Jimenez filed a motion to reopen due to a

---

[1] According to the testimony given during the hearing before the ALJ on July 25, 2016, and the ALJ's September 5, 2019 order to reopen, Jimenez did not make any claims for permanent income benefits or future medical benefits in her original claim.

change in disability after being diagnosed with cervical disc disease and depression on April 24, 2018. She also sought an award of permanent partial disability benefits. In an affidavit, Jimenez maintained that her condition deteriorated since May 2017 and that her pain level had increased. Holiday Inn objected to reopening, citing the CALJ's previous findings, including the finding that Jimenez did not sustain a permanent injury, and *res judicata*.

On September 5, 2019, the CALJ granted Jimenez's motion, recognizing Holiday Inn's *res judicata* argument but nevertheless determining that Jimenez was entitled to pursue her claim of the subsequent development of work-related depression and worsening of her physical injuries. Because Jimenez made a *prima facie* claim by a showing of grounds to reopen due to change in disability, her claim was reopened and assigned to a different ALJ.

On December 10, 2020, the ALJ entered an Opinion and Order finding that *res judicata* was inapplicable, that Jimenez had sustained her burden on reopening, and that she established worsening of her condition. The ALJ awarded permanent partial disability benefits based on a 4% impairment rating, as well as medical expenses that might reasonably be required for the cure and relief from the effects of the work-related injury.

Holiday Inn appealed to the Board and on April 9, 2021, the Board reversed and remanded the claim to the ALJ with direction "to dismiss this reopening claim as barred by *res judicata*." The Board determined that the express and unambiguous language of KRS 342.125(2) is controlling. That statute generally allows for the reopening of workers' compensation claims for

3

various reasons, including a change in disability. However, because the original ALJ only awarded temporary total disability benefits for a specific period, the Board held that the claim is not subject to reopening. The Board concluded that although more recent evidence may support a conclusion that Jimenez's neck condition has deteriorated, the grounds for reopening were insufficient. The Board held the ALJ's original decision was supported by substantial evidence and therefore was *res judicata* given the identity of the parties, identity of the facts, and identity of the issues leading to the final decision on the merits. *BTC Leasing, Inc. v. Martin*, 685 S.W.2d 191 (Ky. App. 1984). Relitigation of the issue of permanency was precluded pursuant to KRS 342.125.

On Jimenez's appeal to the Court of Appeals, the appellate court held that the Board misconstrued KRS 342.125 and erred in its *res judicata* analysis. The Court of Appeals held that nothing in the plain language of KRS 342.125(2) precludes the reopening of a temporary total disability award and, citing prior cases, noted the difference in the application of *res judicata* in judicial proceedings and workers' compensation proceedings. The appellate court noted, quoting *Stambaugh v. Cedar Creek Mining Co.*, 488 S.W.2d 681, 682 (Ky. 1972), that "[w]here the statute expressly provides for reopening under specific conditions, the rule of res adjudicata has no application when the prescribed conditions are present." Holiday Inn appealed.

4

**ANALYSIS**

The sole issue is whether, under KRS 342.125(1)(d) and (2) a claimant can reopen a prior workers' compensation claim in which no permanent partial disability or future medical benefits were awarded. "Reopening is the remedy for addressing certain changes that occur or situations that come to light after benefits are awarded." *Dingo Coal Co. v. Tolliver,* 129 S.W.3d 367, 370 (Ky. 2004). KRS 342.125 provides, in pertinent part:

> (1) Upon motion by any party or upon an administrative law judge's own motion, an administrative law judge may reopen and review **any award or order** on any of the following grounds:
>
> > (a) Fraud;
> >
> > (b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence;
> >
> > (c) Mistake; and
> >
> > (d) **Change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.**
>
> (2) No claim which has been previously dismissed or denied on the merits shall be reopened except upon the grounds set forth in this section.

(Emphasis added.) Holiday Inn argues that Jimenez's reopening claim is barred by *res judicata* because the ALJ did not initially award permanent income benefits or future medical benefits. It asserts that because the CALJ held that Jimenez sustained only a temporary injury from the June 2014 fall, the reopening is merely an attempt to relitigate the same issue of whether she

5

sustained a permanent injury from the work incident.[2]  Given the plain language of KRS 342.125(1)(d), we disagree.

KRS 342.125(1) allows the reopening and review of **any award or order,** provided one of the grounds for reopening contained in subsections (a) through (d) is satisfied.  Jimenez sought to reopen her workers' compensation claim due to a change in her disability, satisfying subsection (d).  In *Dingo Coal*, the Court explained that KRS 342.125 outlines the proof required to grant a motion to reopen while KRS 342.730 governs "the merits of a worker's right to receive additional income benefits at reopening . . . ."  129 S.W.3d at 370.  The statute does not restrict or limit reopening to particular types of claims or awards.  It does not, for example, allow reopening in claims in which permanent income benefits were awarded but prohibit reopening in claims in which only temporary income benefits were awarded.

By its very language, reopening of a claim under KRS 342.125(1)(d) involves the determination of a claimant's disability at two different times—the degree of disability when the claim is originally filed and the degree of disability

---

[2] Holiday Inn also asserts that the Court of Appeals misconstrued its argument by focusing on permanent partial disability benefits.  The appellate court stated that "[t]he sole issue on appeal is whether under KRS 342.125(1)(d) and (2) a claimant can open a prior workers' compensation claim in which no PPD was awarded."  Holiday Inn concedes that *res judicata* does not always bar reopening under KRS 342.125 if permanent partial disability benefits were not awarded in the underlying claim.  Further, it asserts that a claimant could reopen a claim under KRS 342.125 if permanent partial disability benefits were dismissed but future medical benefits were awarded.  However, because we ultimately hold that neither an award of future income benefits nor future medical benefits is a pre-requisite to reopening pursuant to the plain language of KRS 342.125(1)(d), Holiday Inn's allegation that the Court of Appeals misconstrued its argument is immaterial.

when the claim is reopened. This ground for reopening involves a change in impairment "since the date of the award or order." KRS 342.125(1)(d). Obviously, if ALJs were permitted to dismiss claims in those instances where a seemingly temporary injury progresses into a permanent injury then it would create an exception to KRS 342.125(1)(d) that is not expressed in the statute. The statute clearly allows the reopening of a claim if there has been a change in disability without limitations regarding the type of benefits originally awarded. KRS 342.125(1)(d).

As this Court's predecessor recognized in *Messer v. Drees*, 382 S.W.2d 209, 212-13 (Ky. 1964):

> Time often tells more about medical cases than the greatest of experts are able to judge in advance . . . . [E]ven the permanence of a disability theretofore thought to be temporary "is of itself in the nature of a change." When subsequent events indicate that an award was substantially induced by a misconception as to the cause, nature or extent of disability at the time of the hearing, justice requires further inquiry. Whether it be called a "mistake" or a "change in conditions" is a matter of mere semantic taste. The important question is whether the man got the relief to which the law entitled him, based upon the truth as we are now able to ascertain it.

(Internal citations omitted.) In short, the observable symptoms necessary to support a permanent disability award can become more manifest over a period of time extending beyond the original proceedings.

When interpreting a statute, the Court must "assume the Legislature meant exactly what it said, and said exactly what it meant." *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017). If the plain language of the statute is clear, our inquiry ends. *Id.* If the legislature intended to restrict the

7

reopening of workers' compensation claims to only claims in which distinct types of benefits were awarded, it could have included such language. It did not. KRS 342.125(1) contains clear limitations on the reopening of claims by only allowing reopening in instances of fraud, newly-discovered evidence, mistake, or change in disability, demonstrating legislative intent. If further limits on reopening were preferred or intended by the legislature, they could have and should have been stated.

Holiday Inn also emphasizes the fact that the permanency of Jimenez's injury was already litigated because the original CALJ dismissed Jimenez's claim for all future and permanent income and medical benefits. The original order and award states that "[t]here is no evidence of permanent injuries so there is no basis for an award of permanent income benefits" and "[b]ecause Jimenez does not have a permanent injury, or otherwise have evidence to support the need for permanent income benefits, no such award will be made."[3] Therefore, Holiday Inn argued, and the Board concluded, that reopening of Jimenez's claim was barred by *res judicata*.

---

[3] The first reference to any issue of permanency arose in the independent medical examination report by Dr. Michael Best, who evaluated Jimenez at Holiday Inn's request. His report, dated August 20, 2015, states that 2014 MRI images show "no objective evidence of a permanent harmful change in the human organism" and that Jimenez met "no criteria for permanent impairment—0% whole person." Dr. Disha Shah, who treated Jimenez for her neurological symptoms, also opined that Jimenez was not permanently impaired. In a statement of proposed stipulations submitted by Holiday Inn, it stipulated that Jimenez sustained only a temporary injury but contested whether her injury was temporary or permanent.

To the extent that Holiday Inn suggests or implies that Jimenez initially alleged a permanent injury or put that in issue, the record establishes that she did not. While Jimenez's introduction of the permanent injury issue, or lack thereof, is indeterminative of the resolution of this appeal, given our interpretation of KRS

8

*Res judicata* is basic to our legal system.  As this Court held in *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998), "[t]he doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion.  Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. . . ."

> The application of these principles to final workers' compensation decisions is grounded in the fact that because there is an extensive procedure for taking appeals, a final decision should not be disturbed absent fraud, mistake, or other very persuasive reason that would warrant reopening.  KRS 342.125 grants some relief from the principles of the finality of judgments by permitting a reopening in instances of fraud, mistake, newly-discovered evidence, or a change of condition that causes a change of occupational disability.

*Slone v. R & S Mining, Inc.*, 74 S.W.3d 259, 261 (Ky. 2002).

> Workers' compensation is a creature of statute.  As set forth in Chapter 342, workers' compensation proceedings are administrative rather than judicial.  Although the principles of error preservation, *res judicata,* and the law of the case apply to workers' compensation proceedings, they apply differently than in the context of a judicial action.  For that reason, authority based upon judicial proceedings is not necessarily binding in the context of proceedings under Chapter 342.

*Whittaker v. Reeder*, 30 S.W.3d 138, 143 (Ky. 2000).  Our predecessor Court held that "[w]here the statute expressly provides for reopening under specified conditions, the rule of res adjudicata has no application when the prescribed

---

342.125, it bears mentioning that she did not initially claim a permanent injury and the reopening does not constitute her attempt to relitigate an issue she previously raised.

9

conditions are present." *Stambaugh*, 488 S.W.2d at 682. The ALJ determined that a condition prescribed by KRS 342.125(1) for reopening was present.

In addition, the application of *res judicata* in this context in which a claimant seeks to reopen their claim due to a change in disability would undermine the purpose of the workers' compensation system.

> The primary purpose of the Workers' Compensation Act is to aid injured or deceased workers and statutes are to be interpreted in a manner that is consistent with their beneficent purpose. The overarching purpose of the workers' compensation chapter is to compensate workers who are injured in the course of their employment for necessary medical treatment and for a loss of wage-earning capacity, without regard to fault, thereby enabling them to meet their essential economic needs and those of their dependents.

*Kindred Healthcare v. Harper*, 642 S.W.3d 672, 679 (Ky. 2022) (quotations and citations omitted). Larson's *Worker's Compensation Law* states

> It is almost too obvious for comment that res judicata does not apply if the issue is the claimant's physical condition or degree of disability at two entirely different times, particularly in the case of occupational diseases. A moment's reflection would reveal that otherwise there would be no such thing as reopening for a change in condition.

12 Larson's Workers' Compensation Law § 127.07[7] (2022) (footnotes omitted). As such, *res judicata* does not bar the reopening of Jimenez's claim for a change in disability.

## CONCLUSION

We conclude that the Board misconstrued KRS 342.125 because nothing in the plain language of that statute precludes reopening of a temporary total disability award. A determination that a claimant has a permanent injury or

10

awards of future medical or income benefits also are not prerequisites to reopening. Therefore, we affirm the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT:

E. Shane Branham
Shelton, Branham & Halbert, PLLC


COUNSEL FOR APPELLEE:

Phillipe W. Rich
Phil Rich Law

ADMINISTRATIVE LAW JUDGE:

Hon. Jonathan Weatherby

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman