CASE 87—PETITION ORDINARY—FEBRUARY 20.

# Richardson's Adm'r v. German Insurance Company of Freeport.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. FIRE INSURANCE—DEATH OF ASSURED.—A policy of fire insurance does not become void upon the death of the assured. A provision in the policy that it shall become void, "if any change takes place in the title," does not apply to such a case, as is shown by the undertaking of the company to make good the loss to the "assured, his executors, administrators and assigns."

2. A FORFEITING CLAUSE IN A CONTRACT should never defeat a right previously agreed upon and provided for, unless the language, strictly interpreted, requires it.

PHIL. B. THOMPSON., SR, FOR APPELLANT.

The policy sued on did not become void upon the death of the insured, the contract being to pay to the insured, "his executors," &c. If it was intended that the policy should cease on the death of the insured, it should have been so expressed in the policy.

An instrument is to be construed most strongly against the maker of it, and an insurance policy is not an exception to this rule. (Steel v. Mitchell, Sneed, 37; Thompson v. Thompson, 2 B. M., 166; Louisville Marine, &c., Co. v. Bland & Coleman, 9 Dana, 143.)

D. S. CLAY FOR APPELLEE.

The death of the insured caused such a change in the title of the insured property as, by the express terms of the policy, rendered the policy

void. (Hine v. Woolworth, Receiver, &c., 13 Ins. Law J., 71; Sherwood v. Agr. Ins. Co., 73 N. Y., 447; s. c., 29 Am. Rep., 180, and 7 Ins. Law J., 520.)

Additional authorities cited in petition for rehearing: Wood on Fire Insurance, p. 750, sec. 360; Waits' Actions and Defenses, vol. 1, sec. 329; 2d ed.; Carpenter v. The Providence Washington Ins. Co., 16 Pet. (U. S:), 502; May on Insurance, sec. 377, 378, 381, 264; Savage v. Howard Ins. Co., 52 N. Y., 502; Davenport v. N. E. Ins. Co., 6 Cush., 340; Wood on Fire Ins., vol. 1, p. 706, sec. 336; Loppin v. Charter Oak Fire Ins. Co., 58 Barb., 325.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment dismissing an action instituted by appellant, administrator of the estate of Joseph Richardson, to recover of appellee value of a dwelling-house and furniture, destroyed by fire, which was insured by a policy issued to deceased. As all other conditions necessary to recover appear, from uncontroverted allegations of the petition, to exist, the single question presented is, whether the policy became void and of no effect upon and by reason of death of the assured, which occurred before destruction of the property.

The policy, dated March 17, 1883, contains the following: "The German Insurance Company, by this policy of insurance, in consideration of two notes for twenty-six dollars and fifty cents, do insure Joseph Richardson against loss or damage by fire and lightning to the amount of ———— dollars on * * * dwelling-house and furniture. * * * And the said company hereby agrees to make good unto the said assured, *his executors, administrators and assigns,* all such immediate loss or damage, not exceeding in amount the sum insured, nor the interest of the assured in the property, nor the cash value

·of any building, or other property at the time of loss, *as shall happen by fire or lightning to the property above specified, from the 10th day of March, 1883, at 12 o'clock, noon, to the 10th day of March, 1888, at 12 o'clock, noon,* except such portion of the above-mentioned period of time as this company shall hold against the insured any promissory note past due and unpaid, in whole or part; and, during such portion of time, the policy shall be null and void, and so continue till such promissory note is fully paid."

Following provisions in regard to amount of loss and damage to be estimated, and right of the company to repair or rebuild the property destroyed, and others, having no application to this case, is this clause in the policy : "If there is, or shall be, other prior concurrent or subsequent insurance, whether valid or not, on said property, or on any part thereof, without the company's consent thereon, or if said building  *  * now is or shall become vacant or unoccupied, or if the hazard shall be increased in any way, or if the property, or any part thereof, shall be sold, conveyed, incumbered by mortgage or otherwise, or *any change takes place in the title, use, occupation or possession thereof whatever,* or if foreclosure proceedings shall be commenced, or if the interest of the insured on said property, or any part thereof, now is, or shall become any other or less than a perfect legal and equitable title or ownership, free from any lien whatever, except as stated in writing hereon, or if the building or buildings stand on lease land, of which the assured has not a perfect title, or if this policy

shall be assigned without written consent hereon, and. in every such case this policy shall .be void.''

The right was, in terms, given to the insurance company to terminate the policy at any time, by giving notice to that effect, and refunding unearned premiums, and also to the insured, to be, however, exercised by him only after full payment of premiums.

According to the only meaning, we think the lan guage used fairly capable of, the property was insured for a specified period of time, which could, after the premium had been fully paid, be abridged by the company only upon notice, and refunding the un-earned part of the premium. For it agreed, in express terms, to make good unto, not merely the insured himself, but as well his executors, administrators and assigns, the immediate loss or damage that might happen by fire or lightning to the property at any time during that period, whether before or after his death ; and, therefore, to treat that event as *ipso facto* a termination of the policy and liability under it, would be contrary to the express terms of it, render the stipulation for payment to the personal representative of the insured superfluous, and allow the company to retain the full consideration paid, while being held to only part performance of its agreement.

It is true, as argued, the property might have been destroyed before, though the loss not made good until after, his death ; but the stipulation of the company to pay his personal representative was not necessary to meet such contingency, because the amount due could have, in that case, been collected without. On the other hand, it is both rational and provident for

a person obtaining a policy of fire insurance to have provision in it against destruction of the property after his death, and in such case the stipulation mentioned becomes applicable and necessary.

It seems to us the force and effect of language so comprehensive and clear should not be neutralized, or to any extent impaired, by a subsequent forfeiting clause of a policy of insurance, unless the words used for that purpose be so definite, explicit and free from ambiguity as to leave no other reasonable alternative; for while forfeitures are not favored by the law, and provisions in a contract therefor are always to be strictly construed, the terms of a policy of insurance, as said in Ætna Insurance Company v. Jackson & Co., 16 B. M., 242, should be liberally construed for the benefit of the insured, and so as to effectuate, as far as may reasonably be done, the indemnity he justly expected.

It is evident the clause referred to was prepared with care and a purpose to guard every supposed right and interest of the company; yet, of the seven distinct causes for forfeiting the policy therein enumerated, not one of them, in express terms or by fair implication, relates to or includes the death of the insured; nor is it anywhere mentioned as a condition or cause for forfeiting or terminating the policy. The only part of the clause which can be construed to have any relation at all is expressed as follows: "Or any change takes place in the title, use or occupation or possession thereof whatsoever;" and that, we think, does not necessarily or properly refer to a change unavoidably resulting from his death, but rather to such

as might be caused or suffered by act of the insured while living, which is the case in each one of the other causes or conditions set forth in the forfeit clause, as well those which precede, as those following the one quoted. But be that as it may, each condition of forfeiture mentioned may, without destroying or lessening its proper meaning or effect, be reconciled with a continuation of the policy after such death to the end of the period, and it, therefore, should be done rather than defeat what was elsewhere in the policy clearly provided for.

We have been referred to the cases of Sherwood v. A. I. Co., 29 American R., 180, and Wyman v. Wyman, 29 N. Y., 253. The first one has no application to this case, because there a change, "by operation of law," was, in terms, made a cause of forfeiture. The latter involves practically the same question as this case, and the conclusion arrived at is different from what we think the proper one; for, according to rules of construction frequently approved by this court, a forfeiting clause in a contract should never defeat a right previously agreed upon and provided for, unless the language used, strictly interpreted, require it.

We think a cause of action is stated in the petition, and the judgment must be reversed, and cause remanded with directions to overrule the general demurrer, and further proceedings consistent with this opinion.