# Kobs v. Insurance Company of North America of Philadelphia, Pa.

## Same v. Hartford Fire Insurance Company of Hartford, Conn.

(Decided March 7, 1933.)

VINSON & MILLER and A. H. BANNON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

The Hartford Fire Insurance Company of Hartford, Conn., and the Insurance Company of North America of Philadelphia, Pa., each issued to Jerry Gallagher and Minnie Gallagher, his wife, a fire policy on a residence and contents jointly owned by them.

Thereafter Jerry Gallagher died and Minnie Gallagher under his will became the sole owner of the insured property. On December 15, 1926, Minnie Gallagher died, and thereafter a writing purporting to be her last will was duly admitted to probate, and Shirley Wellman, who was designated as executrix therein, qualified as such. The will devised to George Kobs the property insured under the two policies, and on March 8, 1927, he presented them to the local agent for the two companies and procured the following indorsement: "By mutual consent the within policy is hereby transferred to George Kobs, March 8, 1927." This transfer was made on the representation of George Kobs that he was the owner of the insured property. Shirley Wellman, the executrix, was present and agreed to the transfer to him and at the same time procured fire policies on other property devised by the will to be transferred to the respective devisees.

On December 25, 1929, the building and its contents were partially destroyed by fire, and on the following day George Kobs notified the local agent, and within a few days after the notice was given, a local adjuster for the companies made an investigation. He suggested

that he be furnished a list of the damaged furniture and that the damage to the building be ascertained and determined by having a contractor inspect and make an estimate of the cost of restoration. A man of experience was agreed on, and an estimate made by him together with a list of the damaged furniture and the amount of the damage thereto was furnished the adjuster. Failing to secure a settlement, Kobs instituted an action on each of the policies.

The defendant company in each of the actions filed answer admitting that the policy was issued to the Gallaghers but denying that Kobs had any interest in the property insured, and also admitting the indorsement attached to the policy, but alleged that it was made upon the representation of Kobs that he was the owner of the property, upon which the company relied, but that it was made without the consent of the assured or of their personal representative or any one authorized to act for them. They also set up a number of other affirmative defenses which it is unnecessary to enumerate, since, as will presently appear, the companies have no further interest in the result of the litigation.

In the meantime, however, the heirs at law of Minnie Gallagher, who had at all times after her death been contending that the paper offered and probated was not her will, appealed from the order of probate on June 7, 1927, and the appeal heard on March 27, 1928, in the Boyd circuit court before a jury, resulted in a verdict finding the paper probated not to be the last will and testament of Minnie Gallagher. The court sustained a motion for a new trial and set aside the verdict, and in a second trial had on September 24, 1928, the jury found the paper in controversy to be the last will and testament of Mrs. Gallagher. On appeal to this court, it was held that the court erred in setting aside the first verdict and granting a new trial, and the case was remanded, with directions to the lower court to enter judgment pursuant to the verdict of March 27, 1928.

A petition for rehearing was overruled, and the mandate which issued on February 28, 1930, was filed in the lower court on March 6 thereafter.

On December 26, 1930, G. F. Gunnell, who had been

appointed and had qualified as the administrator of the estate of Minnie Gallagher and her heirs at law filed an intervening petition in each of the actions seeking to recover the sum due under the policy. The issues, as completed by appropriate pleadings and orders, were submitted to the court upon the pleadings and an agreed statement of facts setting out in substance the foregoing and also some additional facts. The cases were heard together, and judgment entered dismissing the petition of the plaintiff in each case and adjudging that the administrator of the estate of Minnie Gallagher, recover of each defendant the sum of $1,600, with interest from January 1, 1931. Thereafter, by agreement of parties, each of the insurance companies was permitted to pay into court a sum sufficient to satisfy the judgment against it, which was to be held subject to the orders of the court until the controversy between Kobs and the administrator and heirs of Minnie Gallagher was finally determined. George Kobs alone is by this appeal seeking to reverse the lower court's judgments. The appeals were heard together, and will be disposed of in one opinion.

As stated by counsel for appellant, the sole question presented is whether George Kobs by reason of assignment and transfer to him is entitled to the proceeds of the policies, or whether the administrator is entitled thereto as a part of the estate.

As we view the matter, the case of Oldham's Trustee v. Boston Insurance Co., 189 Ky. 844, 226 S. W. 106, 16 A. L. R. 305, so effectually determines the question presented as to render an extended discussion unnecessary. In that case there is an exhaustive review of authorities bearing on the question with quoted extracts from many of them, including 14 R. C. L. 1365. In the course of the opinion it is said in effect that a fire insurance policy is a chose in action and does not partake of the nature of the insured property, and that, in the event of a loss after the death of the assured, the personal representative is the proper person to collect for the loss and the proceeds become a part of the assets of the personal estate unless there is a stipulation in the policy to the contrary. It is further pointed out in the opinion that the proceeds of such a policy is in the same nature as the proceeds of a promissory note in the hands of the personal representa-

tive, and is an asset of the estate, primarily for the payment of debts, and secondarily for distribution to those entitled thereto.

Counsel for appellant state that they have no fault to find with the general rule in 14 R. C. L. and the Oldham's Trustee Case, but say that its only application here is that as a chose in action the fire policies passed to the executrix, and, she having consented to the assignment of them to George Kobs, he was entitled to the benefits thereof so long as the order of probate remained in force and effect; that the liability of the insurers became fixed on the date of the fire and before the judgment setting aside the order of probate; and argue, therefore, that appellant and not the administrator is entitled to the proceeds of the policies.

It is unnecessary to enter into a discussion of the validity of the acts of the executrix prior to the effective date of judgment annulling the order of probate, or the validity of the purported transfer and assignment of the policies or what would have been the rights of the parties if the proceeds of the policies had actually been paid to appellant before the will was set aside. Any rights that appellant had to the policies or the proceeds were under and by virtue of the purported will, and all his rights and equities, if in fact he had any, vanished with it, and the policies or their proceeds remained an asset of the estate to be accounted for and turned over to the successor of Shirley Wellman as personal representative of the deceased. Apply the illustration used in the Oldham's Trustee Case and assume that appellant had been bequeathed a note or bond and same had been assigned to him by the executrix and the proceeds of the note or bond had been paid into the court in the circumstances shown here. Who would be entitled to the proceeds? There can be but one answer, and that also answers the question presented by this appeal. The assignment or transfer indorsed on the policies upon which appellant relies is not such a "stipulation in the policy to the contrary," referred to in that case, as would operate to take this case out of the general rule. Clearly the administrator is entitled to the proceeds of the policies to be administered as other personal assets of the estate, and the court did not err in adjudging that he recover on the policy contracts the loss sustained by the fire.

Wherefore the judgment in each case is affirmed.